GRIFFIN, J.,
dissenting.
The decision of the majority to affirm the judgment in favor of Coy A. Koontz, Jr. [“Koontz”] without any further work from this Court is both incorrect and unfair. If there is to be a summary disposition of this case, in light of the United States Supreme Court’s decision in Koontz v. St. Johns River Water Management District, — U.S. -, 133 S.Ct. 2586, 186 L.Ed.2d 697 (2013), that disposition must be in favor of the St. Johns Water Management District [the “District”], not Koontz.
This case began in 1994. Koontz filed an inverse condemnation suit,- claiming that there had been a regulatory taking of his property, depriving him of all economically viable use of his land. The trial court originally dismissed the case, concluding that, by failing to administratively contest the denial of the permit Koontz had sought from the District, the inverse condemnation claim was not ripe. This Court reversed in Koontz I[3], concluding that the “taking” claim by Koontz was ripe for decision. ' On remand, the trial judge observed that he did not believe that Koontz had a “taking” claim, but felt he was bound by this court’s earlier opinion[4]. Ultimately, the trial court settled on the Nollan[5]/Do-lan[6] theory of “exaction” as the basis for Koontz’s claim that his property had been “taken” without just compensation. This “taking” was the.basis for the trial court’s judgment finding liability , and, subsequently, was the basis for the $376,000 award of compensation to Koontz for the District’s “temporary taking” of Koontz’s property during the time period that the permit had been withheld.
This Court upheld the judgment that the District had effected a “taking^ of Koontz’s property and certified to the Florida Supreme Court the question whether the Florida Constitution recognizes an “exaction taking” in a case where there is no deprivation of substantially all economically viable use of the- land, but where a condition placed on obtaining approval of a land use permit is deemed unreasonable. St. Johns River Mgmt. Dist. v. Koontz, 5 So.3d 8,22 (Fla. 5th DCA 2009).
When the Florida Supreme Court accepted jurisdiction of the case, the court rephrased the question to include whether a “taking” had occurred under the United States. Constitution as well as two additional issues decided by this Court that were not mentioned in our certified question: (1) whether there can be an exaction taking if no interest in real property was acquired by the District, and (2) whether a monetary condition that is never given up can constitute an exaction. St. Johns River Water Mgt. Dist. v. Koontz, 77 So.3d 1220 (Fla.2011). In reversing this Court’s decision, the Florida Supreme Court decided that, befcause the District never attempted to exact any interest in *400 real property from Koontz and because Koontz never gave up anything to the District, he had no “takings” claim. Id. at 1231.
The Koontz estate sought review of this decision in the United States Supreme Court. 133 S.Ct. at 2588. To its credit, the high court did not pretend that the issues presented in the case involved obvious or settled law. The high court explained that the reason why an extortionate demand for property runs afoul of the Taking Clause is not because the property is “taken,” but because it impermissibly burdens a citizen’s right not to have property taken without just compensation. Id. at 2596. The compensable injury is the impermissible denial of a governmental benefit. Id. Nollan/Dolan limits the conditions that a governmental agency may place on an exaction in exchange for bestowing the governmental benefit. If property is taken as a result of such impermissible governmental action, the remedy is just compensation under the Fifth Amendment; if no property is taken, however, the remedy is as provided under state law. Id. at 2597.
What was unusual about this case was that Koontz refused to accede to what he considered to be an excessive demand by the District as a condition for issuing the permit; therefore, nothing was taken by the District and nothing was given up by Koontz. In response to the position I had taken in my dissent in Koontz IV, which seemingly had been endorsed by the Florida Supreme Court[7], the United States Supreme Court explained that:
Extortionate demands for property in the land-use permitting context run afoul of the takings clause, not because they take property, but because they impermissibly burden the right not to have property taken without just compensation. As in other unconstitutional conditions cases in which someone refuses to cede a constitutional right in the face of coercive pressure, the impermissible denial of a governmental benefit is a constitutionally cognizable injury.
Id. at 2596.
There is, however, a difference between a constitutionally cognizable injury burdening the right not to have property taken' without just compensation, and the “taking” of property. It is certainly possible, as in Nollan/Dolan, to have an exac-tions “taking” of property, but if no property is taken, there has been no “taking;” rather, the agency has committed a legal wrong that may be redressed in a variety of ways, including a damages remedy if authorized by state law.
As the Supreme Court explained:
That is not to say, however, that there is no relevant difference between a consummated taking and the denial of a permit based on an unconstitutionally extortionate demand. Where the permit is denied and the condition is never imposed, nothing has been taken. While the unconstitutional conditions doctrine recognizes that this burdens a constitutional right, the Fifth Amendment mandates a particular remedy — just compensation — only for takings. In cases where there is an excessive demand but no taking, whether money damages are available is not a question of federal constitutional law but of the cause of action — whether state or federal — on which the landowner relies. Because petitioner brought his claim pursuant to a state law cause of action, the Court has no occasion to discuss what remedies might be available for a Nollan/Do- *401 lan unconstitutional conditions violation either here or in other cases.
Id. at 2597.
Because there was no “taking” compen-sable under the Fifth Amendment in this case, the question remains whether Koontz has a damages remedy under section 373.617, Florida Statutes. That statute, however, specifies that “damages” 'are available whenever a state agency’s action is an “unreasonable exercise of the state’s police power constituting a taking without just compensation.” Unless the language of the Florida statute is considered to be broad enough to authorize the payment of damages for a “taking without just compensation” even though there was no “taking” for Fifth Amendment purposes, Koontz simply has no claim. One thing that is clear throughout the years of litigation between these parties is that Koontz always contended that his property had been taken without just compensation and the District always contended that it never “took” anything from Koontz, neither property, nor money. Now that the United States Supreme Court has clarified what an exactions taking is and what it is not, it is for the Florida courts to determine what remedy, if any, remains for the violation of Koontz’s rights by the District.
If there is any doubt about the meaning of the majority decision on the question whether there had been a “taking” of any property of Koontz by the District, the dissent of Justice Kagan further dispels the doubt. Justice Kagan was very clear in her dissent about what the majority and the minority agreed on and what they did not agree on. The minority entirely agreed with the majority that:
When the government grants a permit subject to the relinquishment of real property, and that condition does not satisfy Nollan and Dolan, then the government has taken the property and must pay just compensation under the Fifth Amendment. But when the government denies a permit because an owner has refused to accede to that same demand, nothing has actually been taken. The owner is entitled to have the improper condition removed; and he may be entitled to a monetary remedy created by state law for imposing such a condition; but he cannot be entitled to constitutional compensation for a taking of property. So far, we all agree_ [N]o taking occurred in this case because Koontz never acceded to a demand (even had there been one), and so no property changed hands; as just noted, Koontz therefore cannot claim just compensation under the Fifth Amendment. The majority does not take issue with my first conclusion, and affirmatively agrees with my’ second. But the majority thinks Koontz might still be entitled to money damages, and remands to the Florida Supreme Court on that question. I do not see how, and expect that court will so rule.
Id. at 2603 (Kagan, J., dissenting).
She subsequently observed:
First, the District never demanded that Koontz give up anything (including money) as a condition for granting him a permit. ' And second, because (as everyone agrees) no actual taking occurred, Koontz cannot claim just compensation even had the District made a demand. The majority nonetheless remands this case on the theory that Koontz might still be entitled to money damages. I cannot see how, and so would spare the Florida courts.
Id. at 2609 (emphasis added) (footnote omitted).
She finishes this point as follows:
And finally, a third difficulty: Even if (1) money counted as “specific and iden *402 tified property]” under Eastern Enterprises v. Apfel, 524 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998) (though it doesn’t), and (2) the District made a demand for it (though it didn’t), (3) Koontz never paid a cent, so the District took nothing from him. As I have explained, that third point does not prevent Koontz from suing to invalidate the purported demand as an unconstitutional condition. See supra, at 2603-2604. But it does mean, os the majority agrees, that Koontz is not entitled to just compensation under the Takings Clause. See ante, at 2597. He may obtain monetary relief under the Florida statute he invoked only if it authorizes damages beyond just compensation for a taking.
The majority remands that question to ■the Florida Supreme Court, and given how it disposes of the other issues here, I can understand why. As the majority indicates, a State .could decide to create a damages remedy not only for a taking, but also for an unconstitutional conditions claim predicated on the Takings Clause. And that question is one of state law, which we usually do well to leave to state courts.
But as I look to the Florida statute here, I cannot help but see yet another reason why the Florida Supreme Court got this case right. That statute authorizes damages only for “an unreasonable exercise of the state’s police power constituting a taking without just compensation.” Fla. Stat. § 373.617(2010); see ante, at 2597. In what legal universe could a law authorizing damages only for a “taking” also provide damages when (as all agree) no taking has occurred? I doubt that inside-out, upside-down universe is the State of Florida. Certainly, none of the Florida courts in this case suggested that the majority’s hypothesized remedy actually exists; rather, the trial and appellate courts imposed a-damages remedy on the mistaken theory that there had been a taking (although of exactly what neither was clear). See App. To Pet. For Cert. C-2; 5 So.3d 8, 8 (2009). So I would, once more, affirm the Florida Supreme Court, not make it say again what it has already said — that Koontz is not entitled to money damages.
Id. at 2611. (Emphasis added). In concluding his opinion for the majority, Justice Alito wrote;
We hold that the government’s demand for property from a land-use permit applicant must satisfy the requirements of Nollan and Dolan .even when the government denies the permit and even when its demand is for,money. The .Court expresses no view on the .merits of petitioner’s claim that respondent’s actions here failed to comply with the principles set forth in this opinion and those two cases. The Florida Supreme Court’s judgment is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.
Id. at 2603 (majority opinion). The Florida Supreme Court has now remanded the case to us.
In my view, in light of the decision of the United States Supreme Court, which is ground-breaking in many respects, there is much for this court to do, especially if the majority is determined to uphold the judgment in favor of Koontz that his property was taken without just compensation. However, in light of the decision of the United States Supreme Court that the District did not commit a “taking without just compensation”, affirmance of the, judgment is impossible. The basis for this Court’s affirmance in Koontz TV has simply disappeared. A new basis will-have to *403 be found. Failing that, the District is entitled to judgment in its favor.

. Koontz v. St. Johns River Water Mgmt. Dist., 720 So.2d 560, 562 (Fla. 5th DCA 1998).

. See St. Johns River Water Mgmt. Dist. v. Koontz, 5 So.3d 8, 16 (Fla. 5th DCA 2009) (Griffin, J., dissenting).

. Nollan v. California Coastal Comm'n, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987).

. Dolan v. City of Tigard, 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994).

. 77 So.3d at 1225-26, 1230.